**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:12-CV-00104-JHM-LLK**

| | |
|---|---|
| **BEDFORD JUNIOR COFFEY** | **PLAINTIFF** |
| **V.** | |
| **CONSOLIDATED INSURANCE CO.** | **DEFENDANT/ THIRD-PARTY PLAINTIFF** |
| **V.** | |
| **J. B. HUNT TRANSPORT, INC.** | **THIRD-PARTY DEFENDANT** |
| **AND** | |
| **MATTHEW D. LEWIS** | **THIRD-PARTY DEFENDANT/ CROSS-CLAIM PLAINTIFF** |
| **V.** | |
| **J. B. HUNT TRANSPORT, INC.** | **CROSS-CLAIM DEFENDANT** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [DN 14] of Third-Party Defendant J. B. Hunt Transport, Inc. (hereinafter "JB Hunt"). Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff, Bedford Junior Coffey, filed a complaint against Defendant, Consolidated Insurance Co., seeking underinsured motorist (UIM) benefits and alleging insurance bad faith under Kentucky law. (Compl. [DN 1-1] 5.) In his complaint, Plaintiff claims that he was injured in a motor vehicle accident on December 16, 2011 in Hart County, Kentucky. He further claims that the accident was caused by the negligence of Arminda Nunn. (Id. at 1.) Plaintiff settled his claim against Nunn for the liability limits of her policy with State Farm Insurance Co. (Id. at 1–2.) Defendant elected not to preserve its subrogation rights against Nunn under K.R.S. § 304.39–320(4). (Id. at 2.)

Thereafter, Defendant filed a third-party complaint against Matthew Lewis and his employer, JB Hunt. (Third-Party Compl. [DN 7].) In its complaint, Defendant alleges that Lewis caused the tractor-trailer he was driving to come into contact with Nunn's vehicle, causing her vehicle to cross the center line and collide with Plaintiff. (Id. ¶ 12.) Defendant also alleges that Lewis' negligence "was a substantial factor in causing the motor vehicle accident" and that at the time of the accident, Lewis was acting within the course and scope of his employment with JB Hunt. (Id. ¶¶ 13, 19.)

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), accepting all plaintiff's allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

JB Hunt argues that the Court should grant its motion to dismiss because Defendant cannot, as a matter of law, make a subrogation claim against it. JB Hunt further argues that the Court should

grant its motion to dismiss because its driver, Lewis, did not cause or contribute to the motor vehicle accident. (Mot. to Dismiss [DN 14] 1.) For the following reasons, JB Hunt's motion to dismiss is **GRANTED** in part and **DENIED** in part. It is granted as to the subrogation claim; however, the Court finds that the Third-Party Complaint is sufficient to assert a claim for apportionment.

In this case, Plaintiff is claiming underinsured motorist coverage from Consolidated based on the negligence of Arminda Nunn. In order to determine whether Consolidated owes Plaintiff any UIM coverage as a result of Nunn's negligence, Plaintiff has the burden of proving that the damages caused by Nunn exceed the payment Plaintiff has received from Nunn's liability carrier. Plaintiff is only entitled to recover damages from Consolidated that he would have been entitled to recover from Nunn but for the fact that she had insufficient liability coverage. See Ky. Farm Bureau Mut. Ins. Co. v. Rodgers, 179 S.W.3d 815, 818 (Ky. 2005) (noting that "[t]he tortfeasor's liability insurance is the primary coverage, and the UIM insurance is the secondary or excess coverage").

Consolidated has claimed in Counts One and Two of its Third-Party Complaint that it has a statutory right of subrogation under K.R.S. § 304.39-320(4) against Matthew Lewis and his employer, JB Hunt, and it seeks recovery for any sums Consolidated is required to pay to Plaintiff which arise out of Lewis's negligence.[1] Plaintiff has not claimed that either Lewis or JB Hunt have caused any of his damages. Plaintiff has not claimed that either Lewis or JB Hunt are underinsured. Therefore, as this case now stands, Consolidated will not be contractually required to pay Plaintiff any damages as a result of negligence on the part of Lewis and his employer, JB Hunt. Thus, there can be no right of subrogation, and Consolidated's claim for such is **DISMISSED**.

---

[1] Consolidated now claims that its subrogation right is not based on K.R.S. § 304.39-320(4), rather it is based on common law.

3

However, it seems to the Court that this Third-Party Complaint was an attempt to allege the fault of a third-party tortfeasor–Lewis and his employer, JB Hunt–for purposes of apportionment. The case of <u>Kentucky Farm Bureau Mutual Insurance Co. v. Ryan</u>, 177 S.W.3d 797 (Ky. 2005), makes it clear that in cases such as this one, Consolidated should be permitted to introduce evidence pertaining to the alleged fault of Lewis and JB Hunt in order to properly determine the extent to which Nunn is found to be an underinsured motorist.

Therefore, while the subrogation claim must be dismissed, the Court finds that the Third-Party Complaint alleges sufficient facts to assert a claim for apportionment of fault on Lewis or JB Hunt. The Court notes, however, there is no need for Lewis or JB Hunt to defend against such a claim. Even if the jury should apportion some fault to them, they face no liability to Plaintiff because Plaintiff has not brought a claim against them. Likewise, they face no liability to Consolidated because Consolidated will only have to pay Plaintiff UIM benefits based on the negligence of Nunn.

JB Hunt also asserts that Defendant's Third-Party Complaint must be dismissed because no evidence exists to support liability against Lewis or JB Hunt. (<u>See</u> Mem. in Supp. [DN 14-1] 6.) Whether or not there will be any evidence upon which to warrant an apportionment instruction is a matter that is better decided at trial.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that JB Hunt's Motion to Dismiss [DN 14] the subrogation claim is **GRANTED** in part and **DENIED** in part. It is granted as to the subrogation claim; however, the Court finds that the Third-Party Complaint is sufficient to assert a claim for apportionment.

*Joseph H. McKinley*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: counsel of record

January 2, 2013

4