UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:12-CV-00104-JHM-LLK**

**MATTHEW D. LEWIS**                                                                 **PLAINTIFF**

**V.**

**J. B. HUNT TRANSPORT, INC.**                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [DN 27] of Defendant J. B. Hunt Transport, Inc. (hereinafter "JB Hunt"). Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

On December 16, 2011, Plaintiff was involved in a motor vehicle accident. At that time, he was employed by JB Hunt. After the accident, Plaintiff settled his claim with workers' compensation and notified JB Hunt of his intent to make a claim under its policy for underinsured motorists (UIM) coverage. JB Hunt rejected Plaintiff's claim for UIM coverage on the ground that such coverage does not exist. Thereafter, JB Hunt filed a summary judgment motion, alleging that Plaintiff cannot claim UIM coverage that is non-existent. In support of its motion, JB Hunt produced a copy of an insurance policy that was in place at the time of the subject accident. This policy states that JB Hunt "rejects Uninsured Motorists Coverage in its entirety" and "rejects Underinsured Motorists Coverage in its entirety." (Ky. Not. Uninsured & Underinsured Motorists Coverage [DN 27-2].)

In his response, Plaintiff does not dispute the existence or contents of the insurance policy. Instead, he merely asserts that JB Hunt's summary judgment motion is premature. Plaintiff notes that his interrogatories, requests for production of documents, and requests for admission are still pending.

## II. DISCUSSION

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In the present case, the Court finds that JB Hunt has sufficiently demonstrated the absence of a genuine issue of material fact. It is clear from the subject insurance policy that JB Hunt rejected UIM coverage in its entirety. It is also clear that Plaintiff cannot make a claim for UIM coverage that does not exist. Further, the Court finds that Plaintiff has not sufficiently produced specific facts showing a genuine issue of fact for trial. Thus, the Court holds that JB Hunt's motion is **GRANTED**.

The Court notes that in response to JB Hunt's motion to dismiss, Plaintiff asserts that "it would be improper for the Court to grant Summary Judgment" because JB Hunt has not responded to his discovery requests and there is no proof of record. (Resp. Mem. Objecting to Def. J.B. Hunt's Mot. for Summ. J. [DN 28].) The Court interprets this as a request, pursuant to Rule 56(d), to stay resolution of JB Hunt's summary judgment motion on the ground that Plaintiff requires additional discovery to properly respond. See Vandiver v. Corr. Med. Servs., 2011 WL 8971412, at *13 (W.D. Mich. Dec. 29, 2011) (interpreting a similar assertion as a Rule 56(d) request). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). This Rule "recognizes that there are instances when a party lacks the necessary facts to properly contest a summary judgment motion." CareToLive v. FDA, 631 F.3d 336, 345 (6th Cir. 2011). The Court finds, however, that Plaintiff has failed to comply with Rule 56(d), as he has not provided an affidavit or declaration. As such, it will deny his request to stay resolution of JB Hunt's summary judgment motion. See Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000) (noting that when "a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f)[1] by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate").

Moreover, even if the Court overlooked this critical deficiency, Plaintiff's request would still fail since he has not "indicate[d] to the district court [his] need for discovery, what material facts [he] hopes to uncover, and why [he] has not previously discovered the information." Id. (citing Radich v. Goode, 886 F.2d 1391, 1393–94 (3d Cir. 1989)). As a rule, a motion under Rule 56(d)

---

[1] Rule 56(d) carries forward the provisions of former Rule 56(f). Advisory Comm. Notes, Rule 56.

may be properly denied when the requesting party "makes only general and conclusory statements . . . regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered," Ball v. Union Carbide Corp., 385 F.3d 713, 720 (6th Cir. 2004) (citing Ironside v. Simi Valley Hosp., 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" Id. (quoting Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir. 1989)). Here, Plaintiff has not explained how any information contained in the requested discovery would overcome the summary judgment motion. Indeed, even if Plaintiff did obtain the discovery he seeks, it is not immediately apparent to the Court that it contains any information that would impact the Court's analysis. As such, the Court denies Plaintiff's request to stay resolution of JB Hunt's summary judgment motion.[2]

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that JB Hunt's Motion for Summary Judgment [DN 27] is **GRANTED**.

*Joseph H. McKinley signature*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

May 8, 2013

cc: counsel of record

---

[2] Other district courts within the Sixth Circuit have reached similar conclusions based on similar facts. See, e.g., Koprowski v. Baker, 2013 WL 1332699, at *8 (E.D. Ky. Mar. 29, 2013) ("Because Koprowski has not identified specific factual discovery he needs in order to preclude summary judgment . . . his request to delay consideration of the summary judgment motion will be denied."); Saulsberry v. FedEx Exp., 2013 WL 596061, at *9 (W.D. Tenn. Jan. 15, 2013) ("Plaintiff has not specified what he seeks to obtain from further discovery . . . . Plaintiff has also failed to state how such discovery might allow him to demonstrate that genuine issues of material fact exist."); McArthur v. Williams, 2012 WL 954740, at *8 (E.D. Mich. Mar. 1, 2012) ("Plaintiff does not explain how any of these documents could be used to support his claims."); Fletcher v. Sheets, 2011 WL 3861831, at *3 (S.D. Ohio Aug. 30, 2011) ("[C]onclusory statements, devoid of any specificity, about the need for discovery are usually insufficient to establish a need for additional discovery under Rule 56(d)."); Tillman v. Mausser, 2011 WL 826794, at *3 (S.D. Ohio Mar. 3, 2011) ("Indeed, even if plaintiff did obtain the requested documents, it is not immediately apparent to the Court that they contain any information that would impact the Court's analysis . . . .").